IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK AND DEBORAH MCDOWELL,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant.<br>_____/ | No. C 12-03192 JSW<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT, DENYING FIFTH MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE, GRANTING PLAINTIFFS FINAL OPPORTUNITY TO AMEND AND CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>**(Docket Nos. 33 and 36)** |

    This matter comes before the Court upon consideration of the motion to dismiss filed by the City and County of San Francisco (the "City"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for March 1, 2013, HEREBY GRANTS the City's motion (Docket No. 36), and GRANTS Plaintiffs a final opportunity to amend their complaint. The Court DENIES, WITHOUT PREJUDICE, Plaintiffs' fifth motion for appointment of counsel. (Docket No. 33.) The Court CONTINUES the Case Management Conference scheduled for March 8, 2013 to May 10, 2013. The parties shall submit a joint case management statement on or before May 3, 2013.

//

**BACKGROUND**

On June 20, 2012, Plaintiffs filed their original complaint and alleged that the City had discriminated and retaliated against them in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq.* ("Title VII"). Plaintiffs further alleged that the discrimination and retaliation were based on their participation in union activities and marital status. (*See* Compl. ¶¶ 4-6.) The Court granted the City's motion to dismiss the complaint, and it granted Plaintiffs leave to amend. Specifically, without expressing an opinion on the ultimate viability of the claims, the Court noted that Plaintiffs might be able to state a claim pursuant to 42 U.S.C. section 1983 ("Section 1983"), for violation of their First Amendment rights based on the alleged union activities or a claim for a violation of Age Discrimination in Employment Act, 29 U.S.C. section 623.

On December 21, 2012, Plaintiffs, who allege that they are African American, filed their First Amended Complaint ("FAC"). The FAC is not organized by claims for relief and, as a result, it is not a model of clarity. Liberally construed, Plaintiffs appear to assert that the City, through various employees, has defamed them, assaulted them, discriminated against them, retaliated against them, and violated their rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

The Court shall address specific, additional facts as necessary in the remainder of this Order.

**ANALYSIS**

**A. Applicable Legal Standard.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). Plaintiffs are proceeding *pro se*, and the Court must construe *pro se* filings liberally. *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his

1 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of
2 the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,
3 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.      The Court Grants the Motion to Dismiss.**

        **1.      The Court Dismisses the Section 1983 Claims.**

Plaintiffs bring claims against the City, pursuant to Section 1983, for alleged violations of their rights under the First, Fourth and Fourteenth Amendments to the United States Constitution. Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities served by the Constitution and laws of the United States.'" *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990). To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) violation of a right secured by the Constitution or laws of the United States and (2) a person acting under the color of state law committed the alleged violation. *West v. Atkins*, 487 U.S. 42, 48 (1988). In order for a municipality, like the City, to be liable under Section 1983 for a violation committed by one of its employees, a plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd.*

3

*of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 694 (1978)).

The claims based on violations of the Fourteenth and First Amendments appear to be premised upon allegations that the City took disciplinary actions against Plaintiffs without due process and retaliated against them for engaging in union related activities. It is not entirely clear how the City is alleged to have violated Plaintiffs' Fourth Amendment rights. However, Plaintiffs do not allege facts showing that the City acted pursuant to a custom or policy. In addition, to the extent Plaintiffs contend that specific City employees are responsible for these alleged violations, they have not clearly identified those employees.

Accordingly, the Court GRANTS IN PART the City's motion to dismiss on this basis. The Court cannot say it would be futile to grant Plaintiffs' leave to amend to attempt to state a claim against the City or its employees, and it GRANTS Plaintiffs *one final opportunity* to amend on the terms set forth in this Order.

**2.      The Court Dismisses the Discrimination Claims.**

Plaintiffs also assert discrimination claims pursuant to 42 U.S.C. Section 2000e-5. In order to state a claim for employment discrimination, a plaintiff must allege facts supporting the following elements: "(1) that he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003). Plaintiffs allege that they are African-American and, thus, have alleged that they are members of protected class. Although Plaintiffs make a vague reference to "ethnic cleansing" and "racial profiling," none of the facts alleged suggest that the City took any of the actions described in the FAC because of Plaintiffs' race or that the City treated individuals outside of this protected class more favorably. To the extent Plaintiffs also attempt to assert an age discrimination claim, they have failed to allege facts showing that the city took any of the alleged actions because of Plaintiffs age or treated younger persons more favorably.

Although the City has not raised this as an issue, the Court also notes that Plaintiffs also have not alleged that they exhausted their administrative remedies. *See B.K.B. v. Maui Police*

4

1 *Department*, 276 F.3d 1091, 1099 (9th Cir. 2002) ("In order to establish subject matter jurisdiction over her Title VII claim, Plaintiff was required to exhaust her administrative remedies. [Citation.] Under Title VII, a plaintiff must exhaust her administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge. 42 U.S.C. § 2000e-5(b).").

Accordingly, the Court GRANTS the motion to dismiss, and GRANTS Plaintiffs one final opportunity to amend their complaint. However, if Plaintiffs choose to amend this claim, they must be able to allege that they exhausted their administrative remedies.

### 3. The Court Dismisses the Retaliation Claims.

Plaintiffs also appear to assert a claim for retaliation under Title VII. Section 2000e-3(a) prohibits discrimination or retaliation for opposing any practice made an unlawful employment practice by Title VII or because a person has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under Title VII. To establish a prima facie case of retaliation, Plaintiffs must show that: (1) they engaged in a statutorily protected activity; (2) they suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action. *Manatt v. Bank of America, N.A.*, 339 F.3d 792, 800 (9th Cir. 2003) (citing *Rav v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000)). In order to establish the first element of a prima facie case, Plaintiffs "must only show that she had a 'reasonable belief' that the employment practice [they] protested was prohibited *under Title VII*." *Trent v. Valley Elec. Ass'n, Inc.*, 41 F.3d 524, 526 (9th Cir. 1994). Plaintiffs have not alleged that they engaged in any activity that would qualify as protected activity under Title VII. In addition, Plaintiffs also have not alleged facts to show that they have exhausted administrative remedies for a retaliation claim under Title VII.

Accordingly, the Court GRANTS the motion to dismiss, and GRANTS Plaintiffs one final opportunity to amend their complaint. If Plaintiffs choose to amend this claim, they must be able to allege that they exhausted their administrative remedies.

//
//

5

### 4. The Court Dismisses the State Law Claims.

Plaintiffs also allege state law claims based on alleged defamation. They City moves to dismiss any state law claims on the basis that Plaintiffs have not complied with the Government Claims Act. *See* Cal. Gov. Code §§ 905, 910, 950.2. The City also argues that it would be futile to grant Plaintiffs leave to amend these claims, because Plaintiffs have not presented a claim within the requisite time periods, because all of the factual allegations supporting these claims took place in 2011. *See* Cal. Gov. Code §§ 911.2(a), 911.4; *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1239 (2004) ("We conclude that failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action.").

Plaintiffs have not alleged facts showing that they complied with the claims presentation requirement. In addition, because over a year has passed since these claims accrued, the Court finds that it would be futile to grant Plaintiffs leave to amend.

Accordingly, the Court GRANTS the City's motion to dismiss these claims, without leave to amend.

### C. The Court Denies, Without Prejudice, the Motion for Appointment of Counsel.

Pursuant to 42 U.S.C. § 2000e-5(f)(1), a court may appoint counsel for a plaintiff "in such circumstances as the court may deem just." There are three relevant factors to consider in determining "whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Johnson v. United States Treasury Department*, 27 F.3d 415, 416-17 (9th Cir. 1994). Ultimately, the decision on whether to appoint counsel is a matter left to the Court's discretion. *Id.* at 416. The Court previously granted Plaintiffs' motion for leave to proceed *in forma pauperis*. In their most recent motion and in their FAC, Plaintiffs state that they have consulted five law firms, each of which has declined to represent them in this matter, and also have visited the Volunteer Legal Help Center. Plaintiffs have established the first and second requirements for appointment of counsel. However, because the Court concludes that Plaintiffs have not stated a claim for relief under Title VII, it denies the motion. If Plaintiffs amend their complaint

6

and if, they are able to state a viable claim under Title VII, they may again move for appointment of counsel.

**CONCLUSION**

For the reasons set forth in this Order, the Court GRANTS the City's motion to dismiss, and it GRANTS Plaintiffs one final opportunity to amend the federal claims. If Plaintiffs choose to amend these claims, the Court HEREBY ORDERS that Plaintiffs shall clearly identify each claim for relief alleged against the City or a particular employee. The Court strongly suggests that Plaintiffs review Chapter 4 of the Court's Handbook for Pro Se Litigants before submitting any proposed amended complaint. In addition, Plaintiffs should clearly identify each claim for relief they assert against the City or its employees. By way of example, if Plaintiffs maintain a Section 1983 Claim for alleged violations of their First Amendment rights, they should identify that claim as follows: **Claim One - Section 1983 for Alleged Violations of the First Amendment**. Each claim should then be followed by the particular facts that support that claim.

The Court AGAIN ADVISES Plaintiffs that the Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office. The Court AGAIN ADVISES Plaintiffs that they also may wish to seek assistance from the Legal Help Center, and it once again encourages them to make an appointment before filing an amended complaint, in order to assist them in clearly identifying the specific claims for relief that they seek to allege against the City or its employees. Plaintiffs may call the Legal Help Center at 415-782-9000, extension 8657, or sign up on the 15th Floor of the Courthouse, Room 2796, for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

If Plaintiffs choose to amend their complaint, they shall file and serve the amended complaint by no later than March 15, 2013. The City shall respond within **twenty-one (21)** days after it has been served. If Plaintiffs name additional defendants, those Defendants also shall respond within twenty-one days after they have been served with the amended complaint.

7

If Plaintiffs do not file an amended complaint by March 15, 2013, the Court shall dismiss this case with prejudice.

**IT IS SO ORDERED.**

Dated: February 11, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK AND DEBORAH MCDOWELL et al, | Case Number: CV12-03192 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 11, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Deborah McDowell
Frank McDowell
2800 Bellwort Court
Antioch, CA 94531


Dated: February 11, 2013

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk