IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK AND DEBORAH MCDOWELL,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant.<br>_____/ | No. C 12-03192 JSW<br><br>**ORDER RE MOTION OPPOSING DISMISSAL**<br><br>**(Docket No. 42)** |

On February 25, 2013, Plaintiffs, Frank and Deborah McDowell, filed a motion opposing dismissal of 42 U.S.C. 1983, which the Court shall liberally construe as a motion for leave to file a motion for reconsideration under Northern District Civil Local Rule 7-9. Under Local Rule 7-9, a party may seek leave to file a motion for reconsideration any time before judgment. N.D. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. N.D. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the Court. *Id.*, 7-9(c).

It appears that Plaintiffs seek leave to file a motion for reconsideration on the basis that the Court failed to consider dispositive legal arguments presented in opposition to their motion

1  to dismiss. In support of their motion, they present arguments that were previously presented to
2  the Court.

3    The only Defendant named in Plaintiffs' First Amended Complaint ("FAC") was the
4  City and County of San Francisco (the "City"). As the Court noted in its Order granting the
5  City's motion to dismiss, the FAC is not organized by claims for relief and, as a result, it was
6  not a model of clarity. Liberally construed, Plaintiffs appeared to assert that the City, through
7  various employees, defamed them, assaulted them, discriminated against them, retaliated
8  against them, and violated their rights under the First, Fourth, and Fourteenth Amendments to
9  the United States Constitution. Plaintiffs repeat those arguments in the instant motion, although
10 they also refer to specific City employees who are alleged to have taken these actions. The
11 Plaintiffs also make a reference to the Fair Labor Standards Act and California Labor Code
12 section 1102.5 and suggests that the City failed to pay its bus and train operators for a voter
13 approved measure. (*See* Docket 48 at ECF p. 11, lines 1-3.)

14   The Court dismissed the claims asserted pursuant to Section 1983 because Plaintiffs did
15 not allege facts showing that the City acted pursuant to a custom or policy. In addition, to the
16 extent Plaintiffs contend that specific City employees are responsible for these alleged
17 violations, they had not named them as individual defendants and did not clearly identify those
18 employees. The Court also dismissed the discrimination claims, because although Plaintiffs
19 alleged they are African-American, they did not allege facts that suggested that the City took
20 any of the actions described in the FAC because of Plaintiffs' race or that the City treated
21 individuals outside of this protected class more favorably. Similarly to the extent Plaintiffs
22 attempted to assert an age discrimination claim, they failed to allege facts showing that the city
23 took any of the alleged actions because of Plaintiffs' age or treated younger persons more
24 favorably. The Court also concluded that Plaintiffs had not alleged that they engaged in any
25 activity that would qualify as protected activity under Title VII.

26   Although the Court finds no basis to revisit its decision on the motion to dismiss, it has
27 granted the Plaintiffs leave to amend these claims. If Plaintiffs believe that they need to name
28 additional defendants, they should include those defendants in the caption of any amended

2

complaint and clearly identify them in a section of the Amended Complaint entitled "Defendants." To the extent the Plaintiffs believe they have a claim under the Fair Labor Standards Act, the Court will not preclude them from attempting to assert that claim in an amended complaint, but they must clearly identify the facts supporting that alleged claim.

Finally, the Court dismissed the state law claims, without leave to amend, because Plaintiffs did not allege facts showing that they complied with the claims presentation requirement and over a year had passed since those claims accrued. The Court finds Plaintiffs have not presented any argument or facts that would warrant reconsideration of that decision.

Accordingly, the Court DENIES the motion opposing dismissal. Pursuant to the Order dated February 11, 2013, Plaintiffs were granted leave to amend on the terms set forth in that Order. The Court set a deadline of March 15, 2013 to file and serve any amended complaint. In light of the instant motion, the Court shall extend that deadline by one week, to March 22, 2013. The City shall respond within **twenty-one (21)** days after it has been served. If Plaintiffs name additional defendants, those Defendants also shall respond within twenty-one days after they have been served with the amended complaint. If Plaintiffs do not file an amended complaint by March 22, 2013, the Court shall dismiss this case with prejudice.

The Court again admonishes Plaintiffs that if they choose to amend their federal claims, they shall clearly identify each claim for relief alleged against the City or a particular employee. By way of example, if Plaintiffs maintain a Section 1983 Claim for alleged violations of their First Amendment rights, they should identify that claim as follows: **Claim One - Section 1983 for Alleged Violations of the First Amendment**. Each claim should then be followed by the particular facts that support that claim. The Court strongly suggests that Plaintiffs review Chapter 4 of the Court's Handbook for Pro Se Litigants before submitting any proposed amended complaint.

The Court AGAIN ADVISES Plaintiffs that the Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office. The Court AGAIN ADVISES Plaintiffs that they also may wish to seek assistance from the Legal Help Center, and it once again encourages them to

3

make an appointment before filing an amended complaint, in order to assist them in clearly identifying the specific claims for relief that they seek to allege against the City or its employees. Plaintiffs may call the Legal Help Center at 415-782-9000, extension 8657, or sign up on the 15th Floor of the Courthouse, Room 2796, for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

**IT IS SO ORDERED.**

Dated: March 4, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FRANK AND DEBORAH MCDOWELL et al,

    Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO et al,

    Defendant.

Case Number: CV12-03192 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 4, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Deborah McDowell
Frank McDowell
2800 Bellwort Court
Antioch, CA 94531

Dated: March 4, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk